GARY FREDERICK AYERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ayers v. Commissioner
Docket No. 8799-73.
United States Tax Court
T.C. Memo 1978-341; 1978 Tax Ct. Memo LEXIS 166; 37 T.C.M. (CCH) 1415; T.C.M. (RIA) 78341; August 31, 1978, Filed Gary Frederick Ayers, pro se. David W. Otto, for the respondent. FORRESTER
MEMORANDUM OPINION FORRESTER, Judge: Respondent has determined a deficiency in petitioner's Federal income tax for the year 1972 in the amount of $ 37,031, and a section 6651(a) [1] addition to tax in the amount of $ 9,257.75. The issues are whether petitioner obtained and had dominion and control over $ 78,153 by the commission of two bank robberies in 1972, and whether petitioner's failure to file any income tax return for such year and to pay the tax due was without reasonable cause. Some of the facts have been stipulated. Gary Frederick Ayers filed no Federal tax return for 1972. At the time he filed his petition *167 herein he resided in Pittsburgh, Pennsylvania. At the trial of this case the following transpired: THE COURT: Mr. Ayers, in the usual income tax case in this Court and in all other Courts, absent assertions of fraud, * * * the burden of proof is on the taxpayer, on the petitioner, to disprove the determinations made by the Government in the Statutory Deficiency Notice. Stated more simply, that means that with our income tax system of voluntary self-assessment and voluntary payment, that a presumption of correctness attaches to the Commissioner's determinations, his Statutory Deficiency Notice, and that it's up to the taxpayer to, by evidence, overcome this presumption of correctness and prove that the Commissioner was wrong. Now, in the usual case, each side has the opportunity to make an opening statement. An opening statement is not evidence. It simply delineates the contentions of the parties to the case. You don't have to make an opening statement. You're given that opportunity. Thereafter, whatever evidence is offered, if it's admissible, it will be received. And thereafter, you'll be given an opportunity to file written briefs. I'm going to ask Mr. Otto to make the *168 first opening statement in this case, even though the burden of proof is on you, but you are here representing yourself. You can then see how he does it, and you may agree with everything he says. You may agree with nothing that he says. But you can decide at that time whether you want to make an opening statement, or simply get into the merits of your case. Very well, Mr. Otto, if you'll make an opening statement, please. MR. OTTO: Thank you, Your Honor. This case is one of income taxes for the calendar year 1972. The respondent determined a deficiency in tax and delinquency penalty against the petitioner for that year in the tax amount of $ 37,031.00, and the penalty amount under section 6651(a) of $ 9,257.75, all of which has been placed in dispute. Mr. Ayers filed no tax return for that year.The respondent determined that, in fact, petitioner had taxable income during 1972 in the gross amount of $ 78,153.00, which income arose from petitioner's robbing of two Nevada Banks in that year. The first of the two robberies occurred October 3, 1972, when a branch of the Nevada National Bank was robbed of $ 7,256.00. The branch involved was at the Roundhill branch of that bank *169 at Zephyr Cove, Nevada. THE COURT: What was that date on the first one? MR. OTTO: October 3, 1972. THE COURT: Very well. And how much money? MR. OTTO: $ 7,256.00. THE COURT: Very well. MR. OTTO: Sometimes during the course of this statement and trial, that robbery may be referred to as the Zephyr Cove robbery. That's spelled Z-e-p-h-y-r. The second robbery occurred November 1st, 1972. This one occurred at Sparks, Nevada, when the -- THE COURT: What was that date again? I didn't get it.
MR. OTTO: November 1. THE COURT: Very well. MR. OTTO: -- at Sparks, Nevada, when the Greenbrae; that's G-r-e-e-n-b-r-a-e, branch of the First National Bank of Nevada was robbed. The amount taken was $ 70,897.00. Sometimes this'll be referred to as the Sparks robbery. In the notice of deficiency, respondent determined that the petitioner had income in 1972 from the combined proceeds of these two robberies.That's how the number $ 78,153.00 comes into being. In his petition, Mr. Ayers alleges that he pled guilty to the charge of robbing a teller at the Sparks Bank; the second robbery, but disputes the amount taken. He disputes that more than one robbery occurred in 1972. *170 From that we surmise he -- his position is that he did not rob the bank at Zephyr Cove.Respondent expects that the evidence in this case will show that petitioner robbed each of the two banks in question and received a total of $ 78,153.00, over which he had complete dominion and control in 1972. His modus operandi in each case was the same. On the day of the robbery, a young woman who was driving a car, or owned a car, was kidnapped, placed in the trunk. The car was used as a vehicle in the course of the subsequent bank robbery. And the woman, unharmed, was -- remained in the trunk of the car as the bandit made his getaway. The money has not been recovered from [sic] [by] the banks. With respect to the delinquency penalty, the burden is on the petitioner to show that his failure to file a tax return for 1972 was due to reasonable cause and not to willful neglect. Respondent expects to call one witness in this case, as well as present certified copies of pertinent public records, among which are the indictment of Mr. Ayers for kidnapping with respect to the Zephyr Cove robbery, his plea with respect to that indictment, and his sentence, as well as informations and information *171 filed with respect to the kidnapping and bank robbery at Sparks, Nevada, a state charge, and his plea and sentencing with respect to that count.The witness of respondent will address himself to the amount of the loss at the Sparks Bank robbery. There is a Stipulation of Facts, Your Honor, which following Mr. Ayers' statement, we would offer to the Court. There are no exhibits attached. THE COURT: Very well. Now, Mr. Ayers, do you think you want to make an opening statement? MR. AYERS: Not against that. THE COURT: All right, sir. The burden of proof -- did you want to offer your Stipulation at this time? MR. OTTO: We do, Your Honor. THE COURT: The Stipulation will be received. Very well, Mr. Ayers, the ball is in your court; your case. You're going to testify in your own behalf? MR. AYERS: I have no defense. I'd like to get just one thing straight. I come up here only for the ride. I'm doing life and 25. That mess, what he said, is exactly what happened. I just come for the ride. THE COURT: Now, just a minute. Are you getting all this on the -- if you'd repeat it for us, please. MR. AYERS: I come along for the ride, only. I'm in a United States penitentiary *172 doing 25 years. When I finish that, I go to Nevada to do a life sentence. All I wanted to do was come up here for a ride. What that man says is exactly true. Now, it's back to you, friend. The burden of proof was on petitioner. Rule 142(a), Tax Court Rules of Practice and Procedure. He did not testify, presented no evidence, and has filed no brief. We find and hold that petitioner had income from bank robberies of $ 78,153 in 1972, that it was fully taxable, Rutkin v. United States,343 U.S. 130 (1952), and that petitioner's failure to file an income tax return and pay the tax due was without reasonable cause. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩